## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINENS HOLDING CO., et al.,[1] | ) | Case No. 08-10832 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Docket No. 2177 |

**ORDER, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, APPROVING THE REJECTION OF LEASE BY AND BETWEEN EMMES REALTY SERVICES AS LANDLORD AND LNT, INC., AS TENANT REGARDING STORE NO. 599**

Pursuant to the Order Pursuant to Sections 105, 363 and 365 of title 11 of the United States Code and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Approving Expedited Procedures for the Rejection or Assumption and Assignment of the Debtors' Executory Contracts and Unexpired Leases (the "Procedures Order") [Docket No. 829]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtor having properly filed and served a Rejection Notice[2] in accordance with the terms of the Procedures Order in respect of the lease by and between Emmes Realty Services, as landlord and LNT, Inc., as tenant regarding store number 599 (along with any subleases relating thereto, the "Lease"); and no timely objections have been filed to the rejection of such Lease; and due and proper notice of the Procedures Order and Rejection Notice having been provided, and it

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures Order.

RLF1-3340364-1

appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor,

NOW, IT IS HEREBY ORDERED THAT:

1. The rejection of the Lease is hereby approved.

2. The Debtors hereby abandon any personal property remaining on the leased premises identified on "Attachment I" to the applicable Rejection Notice. On or after the date the lease is rejected, the landlord may dispose of all property remaining on the leases premises, including without limitation any abandoned property, without liability to any party. The right of the landlord to file a claim against the Debtors related to the disposal of any property remaining on the leased premises, including without limitation any abandoned personal property, is fully preserved.

3. If the affected landlord or counterparty or any other party in interest subject to this Order (the "Rejection Claimant") asserts a claim or claims against the Debtors arising from the rejection of the Lease herein or the abandonment of any personal property on the leased premises, such Rejection Claimant shall submit a proof of claim to Linens 'n Things Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 on or before the later of (i) the date that is 30 days after the entry of an order of this Court approving the rejection of the Lease, or (ii) the bar date established by this Court for filing proofs of claim against the Debtors. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for such rejection damages.

4. The Debtors are authorized to take any action necessary to implement the terms of this Order and the rejection without further order from this Court.

5. The rejection of the Lease shall be effective on the later of (i) ten (10) days from

the date the applicable Rejection Notice is served on the affected counterparty or landlord, or (ii) if a Lease, the date that the Debtors vacate the premises by notifying the affected landlord in writing of the Debtors' unequivocal surrender of the premises and turning over keys or "key codes" to the affected landlord, unless otherwise ordered by the Court.

6. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: December 15, 2008
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

3

RLF1-3340364-1