# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re: : Chapter 11
:
LINENS HOLDING CO., et al[1] : Case No. 08-10832 (CSS)
:
Debtors. :
: Re: Docket No. 3050
------------------------------------------------------------x

## ORDER APPROVING INTELLECTUAL PROPERTY
## PURCHASE AGREEMENT AND RELATED RELIEF

Upon the motion, dated December 22, 2008 (the "Sale Motion"),[2] of Linens Holding Co., et al., as debtors and debtors in possession ("Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking approval of the sale of Debtors' intellectual property assets (the "Sale") and other related relief, all as more fully set forth in the Sale Motion; and the Court having entered an order on January 13, 2009 (the "Procedures Order") approving, among other things, certain proposed procedures in connection with the auction (the "Auction") and Sale of Debtors' assets; and a hearing on the Sale Motion having been held

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479).

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

1502125 v2/NY

RLF1-3359690-2

before the Court on January 16, 2009 (the "Sale Hearing"); and such relief being in the best interests of the Debtors, its estate, creditors, and all parties in interest:

NOW, THEREFORE, upon the entire record of the Sale Hearing and this case; and after due deliberation thereon; and good cause appearing therefore, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. Determination of the Sale Motion is a core proceeding under 28 U.S.C. §§ 157(b) (2) (A), (N), and (O). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. As evidenced by the affidavits of service previously filed with the Court, and based on the representations of the attorneys at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, and the Sale has been provided in accordance with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and the provisions of the Procedures Order, (ii) such notice was good and sufficient and appropriate under the circumstances of this case, and (iii) no other or further notice of the Sale Motion, the Auction, the Sale Hearing, the Sale, or the entry of this Order is required.

D. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363(b), (f), (k), (m), (n), and 365 of the Bankruptcy Code and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

E.	As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and the hearing held in these chapter 11 cases on January 8, 2009 and (ii) the representations of the attorneys made on the record at the Sale Hearing, The Debtors have marketed the Purchased Assets (as defined in the Agreement, which is defined below) and conducted the Sale process in compliance with the Procedures Order, fairly, and with adequate opportunity for interested parties to submit bids.

F.	A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to all interested persons and entities, including, among others, (i) all Interested Parties, (ii) the U.S. Trustee, (iii) the Official Committee of Unsecured Creditors, (iv) the Ad Hoc Committee of Noteholders, (v) the Indenture Trustee for the Debtors' outstanding bond issuance, (vi) all parties who have requested notice pursuant to Bankruptcy Rule 2002, (vii) all appropriate federal, state, and local taxing authorities, (viii) all government agencies entitled to receive notice of the proceedings, and (ix) all parties known to have expressed an interest in acquiring the Purchased Assets.

G.	The Debtors and LNT Acquisition, LLC, which is comprised of a joint venture formed between Gordon Brothers Brands, LLC, and Hilco Consumer Capital, LLC (collectively, the "Buyer") entered into that certain Intellectual Property Purchase Agreement and the related amendments thereto (collectively, the "Agreement"), a copy of which is annexed hereto as Exhibit A, following good-faith, arm's length negotiations.

H.	The transfer of the Purchased Assets pursuant to the Agreement (i) are or will be legal, valid, and effective transfers of property or rights of or to the Purchased Assets to the Buyer, (ii) except as set forth herein, vest or will vest the Buyer with good and valid title, and all the right, title, and interest of the Debtors in and to the Purchased Assets, free and clear of all

adverse interests of any kind or nature whatsoever and all debts arising under or out of, in connection with, or in any way relating to, any acts of the Debtors, liens, claims and encumbrances, rights, causes of action (whether in law or in equity), obligations, demands, guaranties, contractual commitments, restrictions, interests and matters of any kind or nature whatsoever, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise, except as expressly provided in the Agreement (all collectively "<u>Adverse Interests</u>") with all Adverse Interests attaching to the Cash Payment and the Seller Equity to the same extent and with the same priority to which they attached to the Purchased Assets, and (iii) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and similar laws of any state, territory, possession or the District of Columbia.

I. The Sale and all transactions related thereto, including, without limitation, the assumption and assignment of the Purchased Assets, reflects the exercise of the Debtors' sound business judgment. There are compelling circumstances for the Sale other than in the ordinary course of business under 11 U.S.C. § 363(b) because, among other things, the immediate consummation of the Sale is necessary and appropriate to maximize the value of Debtors' estates, and the Sale will provide the means for the Debtors to maximize distributions to creditors.

J. The Debtors (i) have full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets by the Debtors have been duly and validly authorized by all necessary corporate action of the Debtors, (ii) has all of the corporate power and authority necessary to

consummate the transactions contemplated by the Agreement, and (iii) has taken all corporate action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtors to consummate such transactions.

K. Approval of the Agreement and the consummation of the Sale and other transactions contemplated thereby are in the best interests of the Debtors, its estates, creditors, and other parties in interest. Good and sufficient business justification for consummating the Sale pursuant to sections 105(a) and 363 of the Bankruptcy Code has been established because, among other things:

a. The Debtors, in their sound business judgment, determined that the sale of the Purchased Assets is necessary to maximize the value of its estates; and

b. Unless a sale to the Buyer is concluded expeditiously as provided for in the Sale Motion and pursuant to the Agreement, values for the Purchase Assets may be diminished.

L. The terms and conditions of the Agreement are fair and reasonable. The purchase price (the "Purchase Price") of the Purchased Assets under the Agreement (i) represents the highest and best offer for the Purchased Assets, (ii) is fair and reasonable, and (iii) will provide a greater recovery for creditors than would be provided by any other practical available alternative.

M. The holders of liens on the Purchased Assets and non-Debtors parties to IP Contracts that did not object, or that withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. §§ 105 and 363(f)(2).

N.  The Debtors may sell the Purchased Assets free and clear of all Adverse Interests because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied and because the Adverse Interests will attach to the Cash Payment and the Seller Equity to the same extent and with the same priority to which they attached to the Purchased Assets.

O.  The Buyer would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, its estates, and its creditors, if the sale of the Purchased Assets to it were not free and clear of all Adverse Interests, or if the Buyer would, or in the future could, be liable for any of the Adverse Interests.

P.  Other than as set forth in the Agreement, the (i) transfer of the Purchased Assets to the Buyer and (ii) the assumption by the Buyers of the Assumed Liabilities (as defined in the Agreement) do not and will not subject the Buyer or the Purchased Assets to any claims or liabilities arising under or out of, in connection with or in any way relating to the ownership or operation of Debtors or the Purchased Assets prior to the Closing Date (as defined in the Agreement).

Q.  The Agreement was negotiated, proposed, and entered into by Debtors and the Buyer without collusion, in good faith, and from arm's length bargaining positions. Each Buyer is a Buyer in good faith under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded by section 363(m) of the Bankruptcy Code. Each Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Agreement at any time after the entry of this Order. Based upon the record before the Court, neither Debtors nor the Buyer has engaged in any

conduct that would cause or permit the Agreement, or the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code. The Buyers are not "insiders" as that term is defined in section 101(31) of the Bankruptcy Code.

R. Time is of the essence in closing the Sale and Debtors and the Buyer intend to close the Sale as soon as possible on or before January 20, 2009 unless otherwise agreed to by the parties.

S. The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

NOW THEREFORE, IT IS HEREBY:

ORDERED that the Sale Motion is granted to the extent provided herein; and it is further

ORDERED that all objections to the Sale Motion or the relief requested therein or the Sale of the Purchased Assets that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits; and it is further

ORDERED that the Agreement (and each of the transactions contemplated thereby) is approved in its entirety subject to the provisions of this Order and subject to the following modifications to the Agreement:

(i) section 3.3 is hereby amended by inserting the following phrase after the current text: "provided, however, that all liens, claims, or interests in the Purchased Assets shall attach to the Cash Payment and the Seller Equity to the same extent and with the same priority to which they attached to the Purchase Assets";

(ii) section 5.1(b) is hereby amended by inserting the following phrase after the words "to Seller": "and to the Ad Hoc Committee of Notcholders, including, without limitation, with respect to inclusion of provisions protecting the rights and remedies of holders of the Seller Equity, as minority member of the Buyer entity";

(iii) section 6.6 is hereby amended by inserting the following sentence after the current text: "For the avoidance of doubt, the fees set forth in this Section 6.6 shall be the sole operating expense of the Buyer.";

(iv) section 6.1(b) is hereby amended by inserting the following sentence after the current text: "For the avoidance of doubt, the term "Seller" as used in this subsection shall include any plan administrator, liquidating trustee or similar post-confirmation entity created or appointed pursuant to any chapter 11 plan to liquidate the Debtors' assets and/or wind down the Debtors' estates; and

(v) all references to the Closing date being January 19, 2009 shall be replaced by a Closing date of January 20, 2009; and it is further

ORDERED that, pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and directed to sell the Purchased Assets under the terms of the Agreement, and it is further

ORDERED, that the Debtors, its officers, employees, and agents and the Buyer are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying, conferring or reducing to possession the Purchased Assets to the Buyer, or as may be

necessary or appropriate to the performance of the obligations as contemplated by the Agreement. The Buyer and the Debtors are hereby authorized to take or refrain from taking any and all steps necessary to effectuate, consummate and/or implement the terms of this Order; and it is further

ORDERED that the Buyer shall have the right to a reduction or partial holdback of the Purchase Price (by an amount agreed to by the Buyer and Debtors upon consultation with the Ad Hoc Committee of Noteholders), as a result of the failure by Debtors to assign to Buyer any and all customer information, including contact information and email addresses and other purchasing history and related information but Buyer shall not have the right to terminate the Agreement in such event; and it is further

ORDERED that at Closing, the Buyer shall (a) identify certain executory contracts and/or leases (other than non-residential real property leases), and (b) direct Seller to reject such contracts and/or leases; and

ORDERED that following the Closing Date, except as expressly provided for herein, no holder of an Adverse Interest against the Debtors shall interfere with the Buyer's title to or use and enjoyment of the Purchased Assets based on or related to such Adverse Interests, or any actions that the Debtors may take in their chapter 11 cases, provided, however, that the foregoing shall not impair any rights or remedies of holders of the Seller Equity, acting in such capacity; and it is further

ORDERED that all third parties in custody or control of any and all customer information, including contact information and email addresses and other purchasing history and related information shall deliver the same to the Buyer in a format that is usable by the Buyer within five (5) days of Closing, provided that such third parties receive immediate notice of the

Closing and provided further that any lien rights held by such parties will, as provided herein, attached to the proceeds of the sale.

ORDERED that the Agreement, and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties, upon consultation with the Ad Hoc Committee of Noteholders, in accordance with the terms thereof without further order of this Court, provided that any such modification, amendment, or supplement (i) is filed with this Court, (ii) is not material and adverse to Debtors or any other party in interest, and/or (iii) is to reflect the terms and provisions of this Order; and it is further

ORDERED that all entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer on the Closing Date; and it is further

ORDERED that all parties and persons of every nature and description, including but not limited to creditors, newspapers, other advertising mediums, and all those acting for or on their behalf, are prohibited and enjoined from charging advertising rates in excess of the rates charged pursuant to Debtors' prepetition advertising agreements or, if no such agreements exist, charging advertising rates in excess of rates regularly and customarily charged in the ordinary course of business to non-bankrupt customers; and it is further

ORDERED that this Order, the Agreement shall be binding on any subsequent chapter 11 or chapter 7 trustee who may be appointed in this case or any succeeding chapter 7 case; and it is further

ORDERED that the stay provided under Bankruptcy Rule 6004(h) is waived and no stay shall apply to any transaction contemplated under the Agreement; and it is further

ORDERED that the transactions contemplated by the Agreement are undertaken by the Buyer and the Debtors in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Buyer, unless such authorization is duly stayed pending such appeal. The Buyer is a Buyer in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code; and it is further

ORDERED that in the event of a conflict between the Agreement, and this Order, this Order shall control; and it is further

ORDERED that the Court shall retain jurisdiction over the parties to enforce this Order, the Agreement, all amendments or modifications to any of the foregoing, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, and to determine disputes thereunder, and protect the Buyer against any Adverse Interests upon the Assets; and it is further

ORDERED that nothing contained in any plan of reorganization or liquidation confirmed in the Debtors' chapter 11 case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Agreement, or the terms of this Order; provided, however, that nothing contained herein or in the Agreement shall be deemed to prohibit, control, or in any way impact, the Debtors' ability to assign or distribute the Seller Equity upon Order of this Court; and it is further

ORDERED that the failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in their entirety.

Dated: January 16, 2009
       Wilmington, Delaware

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE