IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINENS HOLDING CO., et al.,[1] | ) | Case No. 08-10832 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____ | ) | |
| | ) | |
| LINENS HOLDING CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. _____ |
| | ) | |
| BESS HOME FASHIONS/BMC GROUP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF

The above-captioned debtors ("Plaintiffs"), by and through their undersigned counsel, allege for their complaint against defendant herein as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, among other things, (1) to avoid and recover certain preferential transfers made by Plaintiffs to BESS HOME FASHIONS/BMC GROUP ("Defendant"), (2) for breach of contract or alternatively, to address Defendant's

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479).

1

unjust enrichment, and (3) to setoff or otherwise recover the value of certain amounts owed to Plaintiffs by Defendant under the terms of the parties' agreement(s).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. On May 2, 2008 (the "Petition Date"), Plaintiffs filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Plaintiffs are debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Upon information and belief, Defendant is a corporation or other legal entity, whose state of incorporation or formation presently is unknown to Plaintiffs. As further alleged herein, Defendant transacted business with one or more of Plaintiffs prior to the Petition Date.

## GENERAL ALLEGATIONS

7. Plaintiffs and Defendant are parties to one or more vendor agreements (the "Agreement") pursuant to which Defendant sold certain goods to Plaintiffs. The Agreement incorporates by reference the Linens 'n Things Vendor Manual (the "Vendor Manual").

8. Pursuant to the Agreement and/or the Vendor Manual, Plaintiffs were entitled to credit for, among other things, overpayment for goods, damage allowances,

freight allowances and other reasons (the "Credits"). Plaintiffs were entitled to the Credits in the form of cash and/or as credit against invoices.

9. On or within 90 days prior to the Petition Date (the "Preference Period"), one or more of Plaintiffs made one or more transfers of an interest of Plaintiffs in property to or for the benefit of Defendant, as set forth on Exhibit A hereto.

10. Exhibit A reflects Plaintiffs' current knowledge of the transfers made to Defendant during the Preference Period. During the course of this proceeding, Plaintiffs may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiffs' intention to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit A or not. Collectively, all transfers made by Plaintiffs of an interest of the Plaintiffs in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on Exhibit A hereto or not) are referred to herein as the "Transfers."[2]

11. To the extent that Plaintiffs have used Credits in the place of cash or other consideration to reduce a debt owed to Defendant within the Preference Period (the "Used Credits"), such Used Credits are included within the definition of "Transfers." To the extent that Plaintiffs have not used Credits (the "Unused Credits"), such Unused Credits are not included within the definition of "Transfers."

12. The Unused Credits represent sums owed by Defendant to Plaintiffs and are identified on Exhibit B hereto. Exhibit B reflects Plaintiffs' current knowledge of the Unused Credits, but it is Plaintiffs' intention to recover all Unused Credits, including Unused Credits that Plaintiffs may discover during the course of this proceeding, as

---

[2] Plaintiffs reserve the right to contend that one or more of the Transfers constitute a fraudulent transfer under either the Bankruptcy Code or applicable state law.

sought hereunder.

13. Plaintiffs are entitled to obtain payment from Defendant in the amount of the Unused Credits, or in the alternative to setoff or otherwise recover all Unused Credits against any and all claims that Defendant asserts or may assert against Plaintiffs in the above-captioned bankruptcy cases, including but not limited to any claims pursuant to 11 U.S.C. § 503(b)(9) (collectively, all such claims are referred to herein as the "Claims").

14. Prior to commencing this adversary proceeding, Plaintiffs sent Defendant a demand letter seeking recovery of certain of the Transfers and the Unused Credits (the "Demand Letter"). Either the Defendant did not respond to the Demand Letter or in response to the Demand Letter, Defendant asserted that it had defenses to Plaintiffs' claims. While Defendant may be able to prove defenses to some portion of Plaintiffs' claims, Plaintiffs believe that Defendant does not have complete defenses to Plaintiffs' claims.

## COUNT I
### (Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

15. Plaintiffs restate and reallege the allegations of paragraphs 1 through 14 above as if fully set forth herein.

16. The Transfers were made to or for the benefit of Defendant, a creditor of one or more of Plaintiffs.

17. The Transfers were made for or on account of an antecedent debt(s) owed by one or more of Plaintiffs before such Transfers were made.

18. The Transfers were made during the Preference Period.

19. The Transfers were made while Plaintiffs were insolvent.

20. The Transfers enabled Defendant to receive more than Defendant would

have received if: (i) Plaintiffs' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

21. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

22. Despite demand, Defendant has not returned the Transfers to Plaintiffs.

## COUNT II
### (Breach of Contract)

23. Plaintiffs restate and reallege the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24. The Agreement is an enforceable contract between Plaintiffs and Defendant.

25. Plaintiffs substantially performed their obligations under the Agreement.

26. Defendant did not perform all of its obligations under the Agreement. Among other things, Defendant has not paid the Unused Credits to Plaintiffs and/or setoff the full amount of the Unused Credits as against the Claims. Accordingly, Defendant has breached the Agreement.

27. As a result, Plaintiffs are entitled to an award of damages in at least the amount of the Unused Credits.

## COUNT III
### (Unjust Enrichment)

28. Plaintiffs restate and reallege the allegations of paragraphs 1 through 27 above as if fully set forth herein.

29.  In the event that there is no adequate remedy at law for Plaintiffs on their breach of contract claim, Plaintiffs are entitled, in the alternative, to payment for Defendant's unjust enrichment in an amount at least equal to the Unused Credits.

30.  Plaintiffs conferred valuable benefits upon Defendant. Plaintiffs performed under the Agreement and became entitled to the Unused Credits. It would be inequitable and unjust under the circumstances for Defendant to retain the Unused Credits, which are funds to which it has no rights. Indeed, Defendant's continuing retention of the Unused Credits would bestow an unjust and unwarranted windfall on Defendant at Plaintiffs' expense.

31.  By reason of the foregoing, Plaintiffs are entitled to judgment against Defendant in at least the amount of the Unused Credits.

## COUNT IV
### (Declaratory Judgment - Setoff Pursuant To 11 U.S.C. § 558)

32.  Plaintiffs restate and reallege the allegations of paragraphs 1 through 31 above as if fully set forth herein.

33.  The Unused Credits represent sums owed by Defendant to Plaintiffs.

34.  Defendant has or may assert Claims against Plaintiffs.

35.  The Unused Credits and the Claims are mutual debts.

36.  Pursuant to Bankruptcy Code Section 558 and applicable state law, Plaintiffs are entitled to setoff the Unused Credits against Defendant's Claims.

37.  An actual controversy exists between Plaintiffs and Defendant. After receiving the Demand Letter, Defendant has not conceded that Plaintiffs have the right to setoff the amount of the Unused Credits against the Claims. In order to facilitate the administration of the estate, it is important that the Court resolve this dispute between the

parties concerning Plaintiffs' right to setoff the Unused Credits against the Claims.

38. Accordingly, Plaintiffs seek a declaratory judgment that, to the extent that Defendant does not pay Plaintiffs for the Unused Credits, Plaintiffs are entitled to setoff the amount of the Unused Credits against the Claims.

## COUNT V
### (Turnover Pursuant To 11 U.S.C. § 542)

39. Plaintiffs restate and reallege the allegations of paragraphs 1 through 38 above as if fully set forth herein.

40. The Unused Credits represent sums owed by Defendant to Plaintiffs.

41. Defendant is in possession, custody or control of the Unused Credits, which constitute (a) property that Plaintiffs could otherwise use under 11 U.S.C. § 363 and/or (b) debts which are property of the estate and that have matured.

42. Defendant has not delivered or otherwise accounted for the Unused Credits.

43. The Unused Credits are not of inconsequential value to the Plaintiffs' estates.

44. Pursuant to 11 U.S.C. § 542, Defendant must deliver to Plaintiffs and account for the Unused Credits or their equivalent value.

## COUNT VI
### (Recovery of Transfers Pursuant To 11 U.S.C. § 550)

45. Plaintiffs restate and reallege the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46. Defendant is either the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of

an initial transferee.

47. Plaintiffs are entitled to recover the value of each of the Transfers pursuant to 11 U.S.C. § 550(a).

## COUNT VII
### (Attorneys Fees and Costs)

48. Plaintiffs restate and reallege the allegations of paragraphs 1 through 47 above as if fully set forth herein.

49. By reason of the foregoing and pursuant to Fed. R. Bankr. P. 7008(b), Plaintiffs are entitled to recover their reasonable costs and legal fees incurred in connection with this proceeding.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request entry of a judgment in their favor:

(a) awarding Plaintiffs at least the sum of the Transfers, plus interest at the legal rate from the date of the Demand Letter, and ordering Defendant to immediately pay the judgment to Plaintiffs;

(b) awarding Plaintiffs damages for breach of contract, or in the alternative, unjust enrichment, in at least the amount of the Unused Credits plus interest at the legal rate from the date of the Demand Letter, and ordering Defendant to immediately pay the judgment to Plaintiffs;

(c) declaring that Plaintiffs are entitled to setoff or otherwise recover the Unused Credits against Defendant's Claims;

(d) awarding Plaintiffs post-judgment interest until the entire amount of the judgment is paid by Defendant;

(e) awarding Plaintiffs their costs, fees (including attorneys' fees) and expenses associated with the prosecution of this action; and

(f) granting such other and further relief as is just and proper.


Dated: June 26, 2009　　　　　　　　　　　　　*/s/ Mary E. Augustine*
　　　　　Wilmington, Delaware　　　　　　　　Daniel K. Astin (No. 4068)
　　　　　　　　　　　　　　　　　　　　　　Anthony M. Saccullo (No. 4141)
　　　　　　　　　　　　　　　　　　　　　　Mary E. Augustine (No. 4477)
　　　　　　　　　　　　　　　　　　　　　　Carl D. Neff (No. 4895)
　　　　　　　　　　　　　　　　　　　　　　Ciardi Ciardi & Astin
　　　　　　　　　　　　　　　　　　　　　　Citizens Bank Center
　　　　　　　　　　　　　　　　　　　　　　919 North Market Street, Suite 700
　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　　dastin@ciardilaw.com.com
　　　　　　　　　　　　　　　　　　　　　　asaccullo@ciardilaw.com
　　　　　　　　　　　　　　　　　　　　　　maugustine@ciardilaw.com
　　　　　　　　　　　　　　　　　　　　　　cneff@ciardilaw.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*