# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 08-10832 (CSS) |
| LINENS HOLDING CO., et al.,[1] | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Obj. Deadline: TBD |
| | ) Hrg. Date: TBD |

## DEBTORS' EMERGENCY MOTION FOR A
## PROTECTIVE ORDER AND TO PRECLUDE

The above-captioned debtors ("Debtors") submit this motion ("Motion") seeking an order (a) that certain discovery against them not be had and (b) precluding the Ad Hoc Committee of Holders of Senior Secured Floating Rate Notes due 2014 ("Ad Hoc Committee") from submitting evidence at the hearing on, and filing any supplemental pleading in opposition to, the *Debtors' Motion for an Order Confirming Debtors' Authority to Use Cash Collateral to Pay Professionals' Fees and Expenses* [Dkt. No. 4910), filed July 31, 2009 ("Cash Collateral Motion"). Debtors apologize for troubling the Court with a discovery motion, however this Motion is necessitated by the Noteholders' gamesmanship in connection with proceedings on the Cash Collateral Motion. In support of this Motion, Debtors respectfully state as follows:

### Background

1. As the Court is aware, given the Ad Hoc Committee's opposition to payment of the fees and expenses of Debtors' professionals, Debtors were required to file the Cash Collateral

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479).

Motion.[2] A more detailed discussion of the history of the Cash Collateral Motion is discussed therein, and Debtors respectfully refer the Court to that discussion.

2. The Ad Hoc Committee filed an objection ("Objection") to the Cash Collateral Motion, including declarations of John Klinge (Levine Leichtman) and Frederick Vescio (Houlihan Lokey) in support of the Objection.[3] The Ad Hoc Committee also filed a motion ("Motion for Reconsideration") seeking reconsideration of the Court's rulings which led to the filing of the Cash Collateral Motion, including a declaration of John Klinge in support.[4]

3. The Cash Collateral Motion and Motion for Reconsideration will be heard by the Court at an evidentiary hearing scheduled for October 28, 2009. That date was chosen largely due to the "unavailability" of the Noteholders or their professionals on prior dates.

4. The Ad Hoc Committee proposed robust discovery and briefing in connection with the October 28 hearing.[5] On September 23, 2009 the parties held a "meet and confer" conference call to discuss the Ad Hoc Committee's proposal. As a result of that call and given the Ad Hoc Committee's strenuous Objection to the Cash Collateral Motion, it became clear that Debtors would have to participate in substantial discovery and additional briefing in order to prosecute and defend the Cash Collateral Motion, including:

    a. Preparing written discovery requests (including document requests, interrogatories and notices of deposition) to the Ad Hoc Committee;

    b. Responding to the Ad Hoc Committee's document requests and producing documents (difficult given Debtors' skeleton staff);

    c. Responding to the Ad Hoc Committee's interrogatories (also difficult given Debtors' skeleton staff);

    d. Reviewing discovery produced by the Ad Hoc Committee and others;

---

[2] A copy of the Cash Collateral Motion (without exhibits) is attached hereto as Ex. A.
[3] A copy of the Objection (without certain exhibits) is attached hereto as Ex. B.
[4] A copy of the Motion for Reconsideration (without certain exhibits) is attached hereto as Ex. C.
[5] See September 14, 2009 email from Daniel Zinman (Kasowitz), with attached outline, attached hereto as Ex. D.

e. Preparing a witness(es) from Conway, DelGenio & Gries ("CDG") for deposition(s) and defending that deposition(s);

f. Preparing for and taking depositions of Ad Hoc Committee witnesses, including (i) Klinge, (ii) Vescio, (iii) Andrew Herenstein (Monarch) and possibly (iv) a representative of Sherwood, the Ad Hoc Committee's "forensic accountants"[6];

g. Reviewing and analyzing the Ad Hoc Committee's "Supplemental Objection" (although the Ad Hoc Committee already has filed an objection and the rules do not provide for supplemental objections, the Ad Hoc Committee has indicated that it will file another objection);

h. Preparing and filing a reply brief in support of the Cash Collateral Motion and in opposition to the Objection and the Supplemental Objection;

i. Preparing for the October 28 evidentiary hearing, including preparing a CDG witness for testimony, preparing to cross examine the Ad Hoc Committee's witnesses who present testimony in opposition to Debtors' Cash Collateral Motion and preparing to argue in support of the Cash Collateral Motion after the evidentiary portion of the hearing concludes; and

j. Participating in the October 28 evidentiary hearing.

Of course, there would be numerous related activities as well.

5. During the parties' September 23 conference call, counsel for Debtors stated that Debtors could not participate in these activities because Debtors had no budget to do so. The budget issue was of particular concern to Debtors, given the Ad Hoc Committee's prior treatment of any existing budgets (such as the budget Debtors currently are operating under) as hard "caps". Counsel for the Ad Hoc Committee requested a budget and counsel for Debtors provided one the next day.[7] Not surprisingly in light of all of the evidentiary and briefing issues proposed by the Ad Hoc Committee, as well as the Ad Hoc Committee's stance that no party

---

[6] Counsel for the Ad Hoc Committee suggested that Sherwood would be a "fact" witness, although it is not clear how Sherwood could be anything but an expert witness in this matter. If the Ad Hoc Committee presents an expert, it may be necessary for Debtors to retain and present an expert as well. It is difficult to know at this point since the Ad Hoc Committee has not disclosed the nature of any testimony that would be provided by Sherwood.

[7] See September 24, 2009 email from Robert J. Stearn, Jr. (RLF), attached hereto as Ex. E.

3

RLF1-3440463-1

ever may exceed its budget, Debtors' estimated budget was not cheap: approximately $205,000 in fees and $20,000 in expenses. See Ex. E.

6. The Ad Hoc Committee never responded to Debtors' September 24 request for approval of a budget. On September 28 Debtors sent a follow up email requesting a response to the September 24 email and indicating that "[g]iven the lack of funding, the Debtors are being hampered in their efforts to pursue [the Cash Collateral Motion]."[8] Radio silence from the Ad Hoc Committee. On September 29, 2009 Debtors sent another email, indicating that they could not participate in discovery activities because they had no budget.[9] Once again, radio silence from the Ad Hoc Committee. After business hours on September 29, the Ad Hoc Committee emailed its discovery requests (including document requests, interrogatories and a notice of deposition) to Debtors.[10] Once again, no mention of the budget. Later that evening in subsequent emails, the Ad Hoc Committee indicated that it supposedly had unilateral authority to decide which portions of the Ad Hoc Committees' objections and evidence Debtors could respond to, and how much money Debtors could spend opposing the Ad Hoc Committee's Objection and prosecuting the Cash Collateral Motion. Debtors respectfully submit that the notion that the Ad Hoc Committee is entitled to determine and control how Debtors should prosecute a motion that the Ad Hoc Committee vigorously opposes is preposterous on its face.

7. The Ad Hoc Committee's strategy here is transparent: propose burdensome discovery and robust proceedings in opposition to Debtors' Cash Collateral Motion, deny Debtors funds to respond to discovery or challenge the Ad Hoc Committee's evidence and argument, and thus attempt to defeat the Cash Collateral Motion by tying Debtors' hands (and

---

[8] See September 28, 2009 email from Robert J. Stearn, Jr., copy attached hereto as Ex. F.
[9] See September 29, 2009 email from Robert J. Stearn, Jr., copy attached hereto as Ex. G.
[10] A copy of the Ad Hoc Committee's September 29, 2009 email, with attached discovery requests, is attached hereto as Ex. H.

4

feet) behind their backs. The Ad Hoc Committee's scheme is patently unfair and inequitable, and accordingly Debtors respectfully request that the Court preclude the Ad Hoc Committee from (a) taking any discovery from Debtors, (b) presenting any evidence at the October 28 hearing and (c) filing any Supplemental Objection in opposition to the Cash Collateral Motion.

## Argument[11]

8. Federal Rule of Civil Procedure 26(c), as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7026, provides as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery. . . .

Fed. R. Civ. P. 26(c)(1)(A).

9. This Court has broad discretion to grant a protective order and should balance the needs of the parties when it considers a request for protective order. See, e.g., Pansy v. Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). In balancing the parties' interests, the Court should consider the fact that discovery should not be used to "escalate the costs as a weapon against a financially weak adversary." Isaac v. Shell Oil Co., 83 F.R.D. 428, 431 (E.D. Mich. 1979).

10. This Court also has broad inherent authority to control proceedings before it. See, e.g., Spencer v. Steinman, 1999 WL 33957391, at *3 (E.D. Pa. 1999) ("The Supreme Court has recognized that ... 'the [Court's] inherent power must continue to exist to fill in the interstices' where the statute or rule cannot provide an adequate remedy.... In addition, the Third Circuit has concluded that courts possess other inherent powers such as the power ... to preclude claims or defenses...." (citations omitted)). The Court also has authority to preclude even relevant

---

[11] Debtors apologize for the brevity of this argument, but they have no budget for discovery disputes.

5

evidence where such evidence could be unfairly prejudicial under the circumstances. See F.R.E. 403.

11. It is patently unfair and inequitable for the Ad Hoc Committee to seek to prevail on its Objection by launching all out war on Debtors' Cash Collateral Motion and at the same time, through its control of the purse strings, prevent Debtors from properly presenting their Cash Collateral Motion or defending against the Ad Hoc Committee's Objection. Accordingly, Debtors respectfully request that the Court enter an Order precluding the Ad Hoc Committee from (a) taking any discovery from Debtors, (b) presenting any evidence at the October 28 hearing and (c) filing any Supplemental Objection in opposition to the Cash Collateral Motion.

12. Counsel for Debtors certifies that he made a reasonable effort to reach agreement with the opposing party and that no resolution was reached prior to the filing of this Motion.

### Conclusion

WHEREFORE, Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Ex. I, granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: September 30, 2009  
Wilmington, Delaware

Respectfully submitted,

_/s/ Robert J. Stearn_  
Mark D. Collins (No. 2981)  
Robert J. Stearn, Jr. (No. 2915)  
Marcos A. Ramos (No. 4450)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

*Counsel for the Debtors*