IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINENS HOLDINGS CO., et al.,[1] | ) | Case No. 08-10832 (CSS) |
| | ) | |
| Debtor. | ) | Obj. Deadline: February 19, 2010 at 10:00 a.m. (EST) |
| | ) | Hearing Date: February 19, 2010 at 10:00 a.m. (EST) |

## DEBTORS' MOTION FOR AN ORDER CONVERTING THE DEBTORS' CHAPTER 11 BANKRUPTCY CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE AS OF FEBRUARY 26, 2010 IN THE ALTERNATIVE TO MODIFICATION OF THE DEBTORS' THIRD AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Linens Holding Co., and its subsidiary debtors and debtors-in-possession (the "Debtors") in these jointly-administered chapter 11 bankruptcy cases, hereby file this motion (the "Motion") for entry of an order (i) converting the above-captioned chapter 11 cases to proceedings under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") as of February 26, 2010 (the "Conversion Date") in the event that the Debtors fail to obtain Court approval of the proposed Modification of the Confirmed Plan (as defined herein), and (ii) directing the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to appoint a chapter 7 Trustee. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the above-captioned chapter 11 cases and this Motion are proper in this

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479)

District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b).

## GENERAL BACKGROUND

2. On May 2, 2008 ("Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are currently functioning as debtors-in-possession.

3. As of the Petition Date, the Debtors, together with their Canadian Subsidiaries (collectively, the "Linens Companies"), comprised North America's second largest specialty retailer of home textiles (including bedding, towels, window treatments and table linens), housewares and home accessories (including cookware, dinnerware, glassware and small appliances). The Linens Companies were one of the largest purchasers of home furnishings in the United States, with a vendor base of approximately 1,000 suppliers.

4. Since the Petition Date, and based upon the authority granted to them pursuant to a series of prior orders entered by this Court, the Debtors conducted several rounds of store closing sales which, as of December 31, 2008, resulted in a chain-wide liquidation of the Debtors' inventory and a closure of all of the Debtors' retail locations in the United States.

## THE CONFIRMED PLAN

5. On January 26, 2009, the Court approved the Disclosure Statement in Support of the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 3473]. On June 15, 2009, the Court confirmed the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 4493] (the "Confirmed Plan").

6. Pursuant to the Confirmed Plan, the Effective Date cannot occur unless the Debtors hold cash sufficient to satisfy all Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Other Priority Claims. (Art. VIII., A.3.). Moreover, the Confirmed Plan imposes a deadline by which the Effective Date (the "Effective Date Deadline") must occur or else the Confirmed Plan becomes null and void. (Id.). That deadline, originally set as August 30, 2009, has been extended by agreement of the parties and Court Order and is currently set to expire on February 19, 2010.

7. The Confirmed Plan provides, consistent with Bankruptcy Code section 1129(a)(9), that Allowed Administrative Claims can be "satisfied" either through full cash payment or other terms agreed to between the holder and the Debtors. (Art. II, A.). The Confirmed Plan also provides for Allowed Priority Tax Claims to be paid through installment payments over a period not to exceed 5 years after the Petition Date (Art. II, B.) and for Allowed Other Priority Claims to be either fully paid in cash or provided other treatment that leaves such claims unimpaired (Art. II, C.).

8. The Debtors estimate that the total amount of Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Other Priority Claims will be approximately $40,000,000. When crafting the Confirmed Plan, the Debtors anticipated satisfying these claims through cash sourced from the Senior Noteholder Contribution Amount and Avoidance Recoveries. However, the process of collecting preferences has proven slower than expected and the Debtors do not anticipate generating sufficient proceeds to satisfy such claims in cash in the foreseeable future.

9. Since the initial Effective Date Deadline of August 30, 2009, the Debtors have requested multiple extensions thereof from the Senior Noteholders Committee and the

3

RLF1 3537282v 2

Creditors' Committee. The Senior Noteholders Committee consented to more than 5 months of extensions, which has required the Senior Noteholders to continue financing the Debtors' wind-down and professional fees from Senior Noteholders' cash collateral. Given the delays in going effective – and the inherent added costs borne by the Senior Noteholders – the Senior Noteholders Committee and the Debtors have agreed upon the modifications (the "Modifications") to the Confirmed Plan embodied in a term sheet (the "Term Sheet") and have conditioned further extensions of the Effective Date Deadline on approval and implementation of the Modifications.

10. Consequently, on January 20, 2010, the Debtors filed a motion to approve the Modifications with this Court [Docket No. 5830] (the "Modification Motion") requesting approval of the Modifications from the Court and all creditors holding administrative claims ("Administrative Creditors").[2] Since filing the Modification Motion the Debtors have received multiple objections to the Modification Motion and multiple "no" votes on the Modification from Administrative Creditors. Should the Debtors obtain Court approval of the Modification, the Debtors will withdraw this Motion.

## RELIEF REQUESTED

11. By this Motion, the Debtors request the entry of an order converting their chapter 11 bankruptcy cases to chapter 7 cases as of the Conversion Date and directing the U.S. Trustee to appoint a chapter 7 Trustee for the Debtors.

12. Under Bankruptcy Code § 1112(a), the Debtors have the absolute right to convert their chapter 11 bankruptcy cases to cases under chapter 7. See In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Section 1112(a)

---

[2] The Modifications are described in greater detail in the Modification Motion, and a copy of the Term Sheet is attached as an Exhibit A to the Modification Motion.

"gives the debtor an absolute right to convert"). The Debtors hereby seek to convert their chapter 11 cases to chapter 7 cases.

13. The Debtors request that the conversion be effective as of February 26, 2010 to allow the Debtors sufficient time to permit an orderly transition into chapter 7, thereby avoiding the inefficiencies and disruptions caused by too abrupt a changeover to chapter 7.

14. Without the relief requested in the Modification Motion, the Debtors do not have sufficient liquid assets to fund their chapter 11 cases and respectfully submit that a chapter 7 liquidation is the only practical avenue remaining for the orderly liquidation and administration of the Debtors' remaining assets. The Debtors respectfully submit that should the Debtors fail to obtain Court approval of the Modification, conversion to chapter 7 is in the best interests of their estates, creditors, and all parties in interest.

15. Therefore, in the event that the Modification Motion is not approved, the Debtors request that the Court grant the Motion and direct the U.S. Trustee to appoint a chapter 7 Trustee. Should the Modification be approved, the Debtors will withdraw this Motion.

## NOTICE

16. Notice of this Motion, including all exhibits, shall be provided to: (i) the U.S. Trustee; (ii) the Creditors' Committee; (iii) counsel to the indenture trustee for the Debtors' outstanding bond issuance; (iv) counsel to the Senior Noteholders' Committee; (v) counsel to the Debtors' equity sponsors; and (vi) all parties entitled to receive notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In light of the nature of the relief requested, the Debtors submit that no further notice is required.

17. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, in the alternative that this Court not approve the Modification, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (i) converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 as of the Conversion Date; (ii) directing the U.S. Trustee to appoint a chapter 7 Trustee; and (iii) granting such other and further relief as the Court deems just and appropriate.

Dated: February 12, 2010
Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION