# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINENS HOLDING CO., et al., | ) | Case No. 08-10832 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: March 15, 2010 at 10:00 a.m. (ET) |
| | ) | Objection Deadline: March 8, 2010 at 4:00 p.m. (ET) |

## MOTION OF GUMRO ASSOCIATES FOR ORDER (I) DEEMING ITS ADMINISTRATIVE EXPENSE CLAIM TO BE TIMELY FILED AND (II) GRANTING ALLOWANCE OF ITS ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. SECTIONS 105 AND 503(b) AND BANKRUPTCY RULES 3003 AND 9006

Gumro Associates ("Gumro"), by and through its undersigned counsel, move (the "Motion") this Court, pursuant to Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order deeming Gumro's administrative expense claim timely filed, granting allowance and payment of its administrative expense claim pursuant to sections 105 and 503(b) of 11 U.S.C. §§ 101-1532 (as amended and applicable to these bankruptcy cases, the "Bankruptcy Code"). In support of the Motion, Gumro states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. The Bankruptcy Cases

3. On May 2, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced these cases by filing voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4. The Debtors have continued in the management and operation of their business and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On May 12, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors.

6. On March 10, 2009, the Court entered that certain Order Establishing Deadline to File Requests for the Allowance of Administrative Expense Claims Pursuant to Sections 105(a), 365, 503(b) and 507(a)(1) of the Bankruptcy Code (the "Administrative Claim Bar Date Order") [Docket No. 3943]. The Administrative Claim Bar Date Order established April 15, 2009 (the "Administrative Bar Date"), as the deadline for filing administrative claims. However, Gumro did not receive notice of the Administrative Bar Date. As evidenced by the affidavit of service of notice of the Administrative Bar Date filed by the Debtors, such notice was purportedly sent to Gumro at its former address.

### B. The Business Relationship Between Gumro And The Debtors

7. Gumro provided post-petition warehousing and transportation services valued at $29,606.54 (the "Administrative Claim") to LNT Services, Inc. ("LNT"), one of the Debtors. A summary of the unpaid invoices is attached hereto as Exhibit A, and the invoices are attached hereto as Exhibit B.

8. Through their receipt of the invoices from Gumro, the Debtors were aware of the administrative expense claims of Gumro, which claims should have been paid by Gumro in the ordinary course of its business. To date, Gumro has not been paid by the Debtors.

### RELIEF REQUESTED

9. Through this Motion, Gumro seeks the allowance and payment of the Administrative Claim pursuant to Bankruptcy Code sections 105 and 503(b) and Bankruptcy Rules 3003 and 9006.

### BASIS FOR RELIEF

### I. GUMRO IS ENTITLED TO ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. § 503(B)

9. As set forth herein, Gumro provided services to the Debtors after the Petition Date for which it has not been paid. Accordingly, Gumro is entitled to the allowance and immediate payment of its resulting administrative expense claim.

10. Specifically, under 11 U.S.C. § 503(b)(1)(A):

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . , including –
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

3

11 U.S.C. § 503(b)(1)(A).

11.  Under black letter law, therefore, Gumro is entitled to an allowed administrative expense claim for the services it provided to the Debtors. As the United States Court of Appeals for the Third Circuit has noted "[f]or a claim in its entirety to be entitled to first priority under [§ 503(b)(1)(A)], the debt must arise from a transaction with the debtor-in-possession ....[and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." In re O'Brien Environmental Energy, Inc., 181 F.3d 527, 532–33 (3d Cir. 1999), citing Cramer v. Mammoth Mart, Inc., (In re Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir. 1976). Moreover, as this Court recently noted, the debtor's post-petition use of services is independently sufficient to establish that such use is an actual, necessary expense of preserving the debtor's estate. In re Goody's Family Clothing, Inc., 392 B.R. 604, 614 (Bankr. D. Del. 2008) (holding that post-petition occupation of non-residential real property established that payment for such use was an actual, necessary expense of preserving the debtors' estates) (citing Zagata Fabricators, Inc. v. Superior Air Prods., 893 F.2d 624, 627 (3d Cir. 1990)); see also In re Garden Ridge Corp., 321 B.R. 669, 676 (Bankr. D. Del. 2005); In re DVI, Inc., 308 B.R. 703, 708 (Bankr. D. Del. 2004); In re ZB Co., Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003); In re HQ Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002).

12. In this instance, Gumro engaged in a transaction with one of the Debtors. Moreover, LNT's use of Gumro's warehousing and transportation services was made at LNT's direction in the ordinary course of LNT's business after the Petition Date.

13. Likewise, the services provided by Gumro at LNT's instruction represented an actual, necessary expense of preserving the estate. As noted above, when a debtor makes use of a party's services post-petition, that use in and of itself, and without the need for further inquiry, establishes an actual, necessary expense of preserving the estate. In this case, post-petition, LNT called on Gumro to provide services for LNT, which provided a benefit to the estate.

14. Therefore, having satisfied the requirements of Bankruptcy Code section 503(b)(1)(A), it is appropriate for this Court to allow an administrative expense in the amount of $29,606.54, representing the amount sought in the post-petition unpaid invoices.

## II. GUMRO'S ADMINISTRATIVE EXPENSE CLAIM SHOULD BE DEEMED TIMELY FILED UNDER BANKRUPTCY RULES 3003 AND 9006

14. As noted above, the Administrative Bar Date has passed in these bankruptcy cases. However, Gumro's administrative expense claim, set forth in the invoices that were sent to the Debtors when the expenses were incurred and reiterated herein, should be deemed timely filed and/or the Administrative Bar Date should be extended with respect to Gumro.

5

15. Bankruptcy Rule 3003(c)(3) provides that the Court "for cause shown may extend the time within which proofs of claim or interest may be filed." Moreover, Bankruptcy Rule 9006(b)(1) permits the Bankruptcy Court to extend the period for the filing of a proof of claim "where the failure to act was the result of excusable neglect." Because Gumro has demonstrated "excusable neglect" in the late filing of such request, the Administrative Bar Date should be extended or the Administrative Claim should be deemed timely filed pursuant to Bankruptcy Rules 3003 and 9006.

16. In <u>Pioneer Investment Servs. Co. v. Brunswick Assocs. Limited P' ship</u>, 507 U.S. 380 (1993), the Supreme Court set forth the meaning of "excusable neglect" under Bankruptcy Rule 9006(b)(1). Rejecting an argument that excusable neglect encompassed only those circumstances in which a party missed a deadline by forces beyond its control, and based upon the inclusion of the word neglect in Bankruptcy Rule 9006(b)(1), the Supreme Court concluded that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388.

17. In determining whether a party's neglect is excusable for the purposes of permitting a late proof of claim, the Supreme Court in <u>Pioneer</u>, set forth four factors:

    (1)    the danger of prejudice to the debtor;

(2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.

Id. at 395.

18. As set forth below, excusable neglect is established in this case because each of the factors set forth in Pioneer is satisfied. Accordingly, Gumro should be granted leave to file a late motion for allowance and payment of its administrative claim, and the Court should deem such late filed motion as timely filed.

### A. Prejudice To The Debtor

19. "In applying the Pioneer test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late filed claim. There is no prejudice when all the parties can be placed in the same situation that they would have been if the error had not occurred." See In re Cable & Wireless USA, Inc., 338 B.R. 609, 615 (Bankr. D. Del. 2006) (citing In re Tannen Towers Acquisition Corp., 235 B.R. 748, 755 (Bankr. D.N.J. 1999)). Here, there is no prejudice to the Debtors or its creditors in allowing the late filing by Gumro.

20. In the Cable & Wireless decision, this Court listed a set of five (5) factors that should be taken into consideration in determining if there is prejudice to a debtor. Cable & Wireless, 338 B.R. at 614. These factors are:

(1) whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated;

(2) whether the payment of the claim would force the return of amounts already paid out under the confirmed plan or affect the distribution to creditors;

(3) whether payment of the claim would jeopardize the success of the debtor's reorganization;

(4) whether the allowance of the claim would adversely impact the debtor actually or legally; and

(5) whether allowance of the claim would open the floodgates to future claims.

Id. Application of these factors in these cases weighs in favor of finding no prejudice.

21. First, the Debtor could not be surprised or caught unaware by Gumro's assertion of a claim. See O'Brien Envtl. Energy, Inc., 188 F.3d 116, 128 (3d Cir. 1999) (finding no prejudice to the debtor under the excusable neglect standard where debtor was aware of claim). Here, LNT used Gumro's services after the petition date with the understanding that there would be a charge for such services. See O'Brien, 188 F.3d at 128; Greyhound Lines, Inc. v. Rogers, 62 F.3d 730, 738 (5th Cir. 1995) (where debtor was aware of claim, there is no prejudice); New Pentax Film, Inc. v. Trans World Airlines, Inc., 936 F. Supp. 142, 148 (S.D.N.Y. 1996) (debtor's knowledge of the creditor's claim prior to the bar date negates the prejudice argument by the debtor). Moreover, LNT had actual notice prior to the Administrative Bar Date of the existence and nature of Gumro's claim when Gumro mailed the invoices to LNT.

22. Second, although a chapter 11 plan has been confirmed, the plan effective date has yet to occur and the plan has not been substantially consummated. Because there has been no substantial consummation of the plan, upon information and belief, allowance of Gumro's claim will not force the return of amounts already paid out under a the plan or affect any distribution paid to creditors.

23. Nor will the filing of this claim will change the outcome of the case. Gumro's administrative expense claim is miniscule when compared to the approximately $40 million that LNT has estimated as the aggregate amount of allowed administrative expense claims. Similarly, the allowance of Gumro's claim would not adversely impact LNT actually or legally.

24. Fifth, there is nothing to indicate that the allowance of Gumro's claim would open the floodgates to other claimants. Moreover, even if this were a possibility, other courts have addressed this factor and found it insufficient for prejudice. For example, in In re Herman's Sporting Goods, Inc., 166 B.R. 581 (Bankr. D.N.J. 1994) the court stated:

> [t]he debtor also asserts that permitting this claim would open the flood gates to hundreds of other late filed claims. Along this line, the debtor also argues that bar dates would be rendered nugatory and any certainty in allowable claims would be eliminated. While the court is sensitive to the potential for a flood of additional claims and the importance of certainty, we are constrained by the Supreme Court's decision in Pioneer which squarely rejected this argument.

See Herman's, 166 B.R. at 584.

25. In sum, the Cable & Wireless factors all weigh in favor of finding no prejudice in deeming Gumro's late filed motion for payment of administrative expense claim timely

**B.  The Length Of Delay And Impact On Judicial Proceedings**

26. The second consideration under Pioneer is the length of the delay, and whether that delay will affect the efficient administration of the debtors' bankruptcy proceedings. The length of Gumro's delay is not significant given the progress of this case. This Motion is being filed approximately 10 months after the Bar Date. Indeed, other courts have permitted filings where the delay was substantially greater. See e.g., In re Bryne, 162 B.R. 816 (Bankr. W.D. Wisc. 1993) (impact on proceedings minimal where proof of claim filed one year and two months late); In re Thomas McKinnon Sec., Inc., 159 B.R. 146 (Bankr. S.D.N.Y. 1993) (motion to extend granted where proof of claim filed two and one-half years late); In re Beltrami Enters., Inc., 178 B.R. 389 (Bankr. M.D. Pa. 1994) (claim allowed two years after the bar date where there was no effect on judicial administration).

**C.  Reason For The Delay**

27. In determining whether any neglect in failing to file a claim timely was excusable courts also consider the reasons for the creditor's delay. Gumro does not have record of receiving the notice of Administrative Bar Date. Moreover, the affidavit of service of the Administrative Claim Bar Date Order indicates that such order was not served on Gumro at its current address. Indeed, Gumro only became aware of the Administrative Bar Date after it hired counsel to

defend it in a preference action filed by the Debtors. As soon as practicable after becoming aware of the Administrative Bar Date, Gumro filed this Motion.

### D. Good Faith

28. In addition, Gumro has not acted in bad faith in this instance. In Herman's, the bankruptcy court weighed in on this part of the Pioneer factors

> Debtor contends that movant has not established an adequate reason for the delay in filing the lease rejection claim because the circumstances were entirely within counsel's control. The court rejects Debtor's argument because blamelessness on the part of the movant is no longer the standard of "excusable neglect." The Supreme Court meticulously justified its rejection of the standard, urged by the dissent and the debtor in this case, that reason for the delay be based on circumstances beyond the control of the movant.

See Herman's, 166 B.R. at 584-85 (citations omitted). Here, Gumro did not receive notice of the Administrative Bar Date. In addition, Gumro demonstrated good faith by filing this motion as promptly as possible after retaining counsel in the bankruptcy cases and learning of such bar date.

29. Accordingly, under the Pioneer factors, the "balance of the equities" weighs strongly in favor of a finding that Gumro's neglect was "excusable."

WHEREFORE, Gumro respectfully requests that the Court enter an order (i) approving and allowing Gumro's Administrative Claim and deeming it timely filed and (ii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
February 24, 2010

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

*Ericka F. Johnson*

Mark L. Desgrosseilliers (Del. Bar No. 4083)
Ericka F. Johnson (Del. Bar No. 5024)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: mdesgrosseilliers@wcsr.com
E-mail: erjohnson@wcsr.com

-and-

Fred A. Foley (P30729)
EHRLICH, FOLEY & SERWER, P.C.
280 West Maple Road, Suite 310
Birmingham, Michigan 48009

Counsel for Gumro & Associates, Inc.